Case 4:25-cv-00396   Document 27   Filed on 03/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEY ALLEGRO CONDOMINIUMS, COUNCIL OF CO-OWNERS, INC., § § § Plaintiff, § § VS. § PROGRESSIVE FIRE & FLOOD, INC., *et al.*, § § Defendants. § § | CIVIL ACTION NO. 4:25-CV-00396 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are the defendants', Roadrunner Restoration Holdings, LLC ("Roadrunner"), Nautilus Insurance Company ("Nautilus"), Crum & Forster Specialty Insurance Company ("Crum"), Capitol Specialty Insurance Corporation ("Capitol") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 3,5,6,10). The plaintiff, Key Allegro Condominiums, Council of Co-Owners, Inc. ("Allegro"), has filed a response to the defendants' motions (Dkt. No. 12,13,14,15), and the defendants have filed replies (Dkt. No. 21,22,23,24). After reviewing the motions, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motions should be **GRANTED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

This dispute arises from an insurance coverage issue related to an arbitration proceeding involving Allegro and Roadrunner. Allegro initiated arbitration proceedings against Roadrunner

for alleged construction defects and sought damages. At the time, Roadrunner was insured under a liability policy issued by Nautilus.

In response to Allegro's arbitration claims, Nautilus filed a lawsuit for a declaratory judgment against Allegro in the United States District Court for the Southern District of New York on September 25, 2024. Nautilus sought a declaration that it had no duty to defend or indemnify Roadrunner under the terms of the policy. However, Allegro successfully moved to dismiss Nautilus's New York action for lack of personal jurisdiction. On January 16, 2025, the Southern District of New York dismissed the case on those grounds.

On December 6, 2024, while the New York case was still pending, Allegro filed its own declaratory judgment action in a Texas state court, seeking a ruling that Nautilus was obligated to provide liability coverage for Roadrunner. Nautilus removed the case to this Court and subsequently moved to dismiss Allegro's lawsuit, arguing that Texas's "No Direct Action Rule" barred Allegro's claim. Allegro opposes Nautilus's motion, arguing that an exception to the "No Direct Action Rule" applied because Nautilus had already initiated a declaratory judgment action concerning the same insurance coverage.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

IV.   **ANALYSIS & DISCUSSION**

   a.   **Motions to Dismiss by Defendants Roadrunner, Crum, and Capitol**

This Court lacks subject matter jurisdiction over the claims against Roadrunner, Crum, and Capitol, as the claims are premature. Allegro concedes that the claims against those three defendants are premature. Moreover, Allegro has failed to state a claim against these defendants. Therefore, the Court **GRANTS** the defendants', Roadrunner, Crum, and Capitol, motions to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

   b.   **Motion to Dismiss by Nautilus**

Texas law prohibits third parties from bringing direct actions against an insurer for indemnification before liability is established against the insured. *In re Essex Ins. Co.*, 450 S.W.3d 524, 525-28 (Tex. 2014). This is the point expressed by the court when it pronounced the "No Direct Action Rule." *Id*. The Texas Supreme Court has held that liability claimants have no standing to seek declaratory relief regarding an insurer's duty to indemnify prior to a determination of the insured's liability. Allegro's attempt here to establish standing before liability flies in the face of that rule. And the authorities cited by Allegro do not provide an exception to the rule.

Recently, the Fifth Circuit Court of Appeals confirmed that the "no direct action" rule challenges a court's jurisdiction over such a suit or claim. *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 309 (5th Cir. 2021). Because standing implicates subject matter jurisdiction, it cannot be

waived, and a court is obligated to address it at any stage of litigation. Moreover, Allegro's argument that Nautilus waived this defense by previously filing a coverage action in New York does not provide an exception.

Allegro also argues that Nautilus waived the "no direct action" rule by filing a declaratory judgment action in New York. However, Nautilus's New York action was limited to determining whether its policy required a defense. Under Texas law, insurers are permitted to seek declaratory relief on coverage issues. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). This narrow exception does not extend liability determinations to claimants like Allegro, who seek to establish an insurer's duty to defend and indemnify in advance of a liability determined against the insured.

For the foregoing reasons, the Court finds that Allegro lacks standing to pursue its claims against Nautilus under the "no direct action" rule and no valid exception has been provided. Accordingly, Nautilus's motion to dismiss is also **GRANTED**.

It is so **ORDERED**.

SIGNED on March 21, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge